# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dawan Chatman, #172972, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 4:09-2234-PMD |
| v. ) | |
| ) | |
| ) | |
| Warden Michael McCall, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court upon Petitioner Dawan Chatman's ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that the court dismiss Petitioner's § 2254 petition as being untimely. Petitioner is currently incarcerated at the Perry Correctional Institution, after being found guilty of murder and armed robbery. His conviction and sentence were upheld by the South Carolina Supreme Court on direct appeal, and his application for post-conviction relief was also denied by the same court. Petitioner then filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, and in response, Respondent filed a motion for summary judgment, arguing that he is entitled to judgement as a matter of law because Petitioner failed to file his habeas petition within the one-year statute of limitations. The Magistrate Judge conducted a review of the record and recommends that the court grant Respondent's motion for summary judgment. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**STANDARD OF REVIEW**

1.  **Legal Standard for Summary Judgment**

    To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 5 (c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). The court remains mindful that Petitioner is a *pro se* petitioner, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## 2. The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## ANALYSIS

The Magistrate Judge found that the Petitioner's claims were barred by the statute of limitations as outlined in 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) states in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Based on this provision, the statute of limitations begins to run on the date a state prisoner's ability to seek certiorari from the United Sates Supreme Court expires or is denied on direct review, *see Holland v. Florida*, ___ S. Ct. ___, 2010 U.S. LEXIS 4946 (June 14, 2010), but the limitations period is tolled during the time the state prisoner seeks post-conviction relief in state court. § 2244(d)(2).

As already noted, the South Carolina Supreme Court upheld Petitioner's conviction on appeal and issued a remittitur on December 1, 2000. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court; therefore, his conviction became final after the

lapse of 90 days on March 13, 2001, the date on which he could no longer file such a petition. *See* U.S. Sup. Ct. R. 13(1). The statute of limitations ran for 178 days, until Petitioner filed his application for post-conviction relief on September 7, 2001. This filing tolled the statute of limitations, and the limitations period remained tolled until August 25, 2008, the date on which the South Carolina Supreme Court denied certiorari in Petitioner's PCR action and issued a remittitur. Petitioner did not file his petition for habeas corpus relief in this court until 358 days later on August 18, 2009. Based on these dates, the Magistrate Judge found that Petitioner filed his petition over 170 days late, as the 178 days that lapsed between the expiration of time for direct review of his conviction and the filing of his PCR application plus the 358 days that lapsed between the conclusion of direct review of his PCR action and the filing of his the application for habeas relief in this court totals 536 days. Although Petitioner objected to the Magistrate Judge's recommendation to grant Respondent's motion for summary judgment, he did not object to the Magistrate Judge's finding that his petition was time-barred. Therefore, the court is not required to give any explanation for adopting these recommendations, *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983), and grants Respondent's motion for summary judgment.[1]

---

[1] Recently, the United States Supreme Court held that "§ 2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 2010 U.S. LEXIS 4946 (June 14, 2010); however, Petitioner has neither argued for, nor set forth facts entitling him to, such relief.

## **CONCLUSION**

Based on the foregoing, the court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** Petitioner's petition.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 29, 2010**
**Charleston, SC**